UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN RIFE, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * |
| ONEWEST BANK, F.S.B., | * |
| MORTGAGE ELECTRONIC | * |
| REGISTRATION SYSTEMS, INC., as | *     Civil Action No. 15-cv-13074-IT |
| Nominee for INDYMAC BANK, F.S.B., | * |
| INDY MAC MORTGAGE SERVICES, | * |
| DEUTSCHE BANK NATIONAL TRUST | * |
| COMPANY as Trustee/Master Servicer | * |
| and GREEN TREE SERVICING, LLC, | * |
| | * |
| Defendants. | * |

MEMORANDUM & ORDER

February 12, 2016

TALWANI, D.J.

Plaintiff John Rife ("Rife") commenced this action to prevent Defendants' foreclosure of his mortgage.  Before the court are Defendants' Motion to Dismiss [#21], Plaintiff's Cross-Motion for Leave to Amend the Complaint [#40], and Defendants' Motion to Strike Plaintiff's Affidavit Submitted in Opposition to Motion to Dismiss [#44]. For the following reasons, the motion to dismiss is ALLOWED, the motion for leave to amend is DENIED, and the motion to strike is DENIED.

I.     Legal Standard

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual material "to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 559 (2007)).  In

considering such a motion the court "construe[s] the well-pleaded facts in the light most favorable to the plaintiff[], accepting their truth and drawing all reasonable inferences in the plaintiff['s] favor[.]" Medina-Velazquez v. Hernandez-Gregorat, 767 F.3d 103, 108 (1st Cir. 2014) (citation omitted).

A court considering a Rule 12(b)(6) motion is ordinarily limited to considering "only the complaint, documents attached to it, and documents expressly incorporated into it." Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 72 (1st Cir. 2014). When, however, "a complaint's factual allegations are expressly linked to—and admittedly dependent upon—a document (the authenticity of which is not challenged), that document effectively merges into the pleadings and the trial court can review it in deciding a motion to dismiss under Rule 12(b)(6)." Beddall v. State St. Bank & Trust Co., 137 F.3d 12, 17 (1st Cir. 1998). In addition, a court deciding a 12(b)(6) motion may take judicial notice of and consider official public records. Id.

Here, Defendants have filed copies of several documents that are referred to in Plaintiff's Amended Verified Complaint or are official public records, including the notes, mortgages, letters sent to Plaintiff John Rife ("Rife"), a verified complaint filed by Rife in an earlier Land Court action against Defendant One West Bank, F.S.B. ("OneWest") and the docket of that Land Court action. See Defs.' Mem. Law. Supp. Mot. Dismiss Ex. 1 (Marks. Aff.), Exs. A, D (first note and mortgage); Ex. 2 (second note); Ex. 3 (second mortgage); Exs. 4-7 (letters); Ex. 8 (Land Court Docket); Ex. 9 (Land Court complaint). The court may properly consider these documents because they are sufficiently referred to in the Amended Verified Complaint and their authenticity has not been disputed, or they are official public records. Beddall, 137 F.3d at 17. Defendants have also filed copies of other documents that are not referred to in the Amended Verified Complaint and are not public records but which were filed by OneWest in support of its

motion for summary judgment in the prior Land Court action against Rife.  See, e.g., Defs. Mem. Law Supp. Mot. Dismiss, Ex. 1 (Marks Aff.), Exs. B, C (Pooling and Servicing Agreement); E, F (Servicing Business Asset Purchase Agreement).  Defendants assert that the court may consider these additional documents on this 12(b)(6) motion because they are "subject to judicial notice." Defs.' Mem. Law Supp. Mot. Dismiss [#22] 3.  Indeed, the First Circuit has stated that "a court ordinarily may treat documents from prior state court adjudications as public records."  Boateng v. InterAmerican Univ., Inc., 210 F.3d 56, 60 (1st Cir. 2000); see also Andrew Robinson Intern., Inc. v. Hartford Fire Ins. Co., 547 F.3d 48, 51 (1st Cir. 2008) ("[W]here the motion to dismiss is premised on a defense of res judicata . . . the court may take into account the record in the original action.").  However, the court understands this rule to permit the court to take judicial notice of the records of the state court itself (including its dockets and judgments) and the *fact* that a party has filed a document with the state court, but not the facts asserted in the documents filed by the parties in another action.  In order to consider the information asserted in a document filed by a party in another proceeding, the court would have to convert this motion under Rule 12(b)(6) to a motion under Rule 56.  See Foley, 772 F.3d at 73.

Similarly, Rife has filed an affidavit in support of his opposition to Defendants' motion to dismiss and in support of his cross-motion to amend his complaint.  The affidavit is not properly before the court in opposition to the motion to dismiss, but the court may consider it in deciding Rife's motion to amend.

II.   Factual and Procedural Background

A.   Facts Alleged in the Complaint

On May 26, 2006, Rife executed a note for $244,000 ("First Note") to IndyMac Bank, F.S.B. ("IndyMac").  Am. Verified Compl. [#1-1] ¶ 8, Defs.' Mem. Law Supp. Mot. Dismiss,

Ex. 1, Ex. A [#22-1].  The same day, Rife executed a second note for $61,000 ("Second Note") also to IndyMac Bank.  Am. Verified Compl. ¶ 8; Defs.' Mem. Law Supp. Mot. Dismiss Ex. 2 [#22-3].  The notes were used to purchase a condominium at 41 Spyglass Hill, Unit A in Ashland, Massachusetts (the "Property") with 100% financing.  Am. Verified Compl. ¶¶ 1, 8. The First Note was secured by a mortgage on the Property ("First Mortgage") which Rife alleges was "assigned to" Defendant Mortgage Electronic Registration Systems ("MERS").[1]  Id. ¶ 8; Defs.' Mem. Law Supp. Mot Dismiss Ex. 1, Ex. D [#22-1] (First Mortgage).  The Second Note was also secured by a mortgage ("Second Mortgage") on the Property which Rife also alleges was "assigned to" MERS.[2]  Am. Verified Compl. ¶ 8; Defs.' Mem. Law Supp. Mot. Dismiss Ex. 3 [#22-4].  The mortgages and their "assignments" to MERS were recorded in the South Middlesex Registry of Deeds on May 30, 2006.  Am. Verified Compl. ¶ 34.

In the latter part of 2008, Rife became delinquent on his mortgage payments.  Id. ¶ 9. Thereafter, on or about May 5, 2009, Rife received a "Notice of Acceleration" from "IndyMac Mortgage Services" regarding the First Mortgage.  Id.[3]

On or about August 21, 2009, Rife received a letter from Green Tree Servicing, LLC ("Green Tree") announcing that Rife's loan "concerning the Second Mortgage" was transferred from IndyMac Mortgage Services to Green Tree on August 1, 2009.  Id. ¶ 11.  On or about

---

[1] The First Mortgage, provided by Defendants, in fact states that MERS is the mortgagee, solely as nominee for lender IndyMac and its successors and assigns.  See Defs.' Mem. Law Supp. Mot. Dismiss Ex. 1 (Marks Aff.), Ex. D [#22-1].

[2] The Second Mortgage again states that MERS is the mortgagee solely as nominee for lender IndyMac and its successor and assigns.  Defs.' Mem. Law Supp. Mot. Dismiss Ex. 3 [#22-4].

[3] The May 5, 2009 letter purports to be sent from "IndyMac Mortgage Services, a Division of OneWest Bank."  See Defs.' Mem. Law Supp. Mot. Dismiss Ex. 4 [#22-5] 1 (May 5, 2009 Letter).

August 25, 2009, Rife received a letter from Green Tree directing him to make payments on his First Mortgage to Green Tree.[4] Id. ¶ 12.

On December 7, 2009, Rife received a letter from "IndyBank Mortgage Services" stating that it was currently servicing his loan "on behalf of the securitization trust INDX 2006-AR-19 (6-29-06), Defendant Deutsche Bank National Trust Company as Trustee/Master Servicer."[5] Id. ¶ 13.

Rife alleges that "IndyMac" was taken over by the FDIC and reemerged as OneWest at some point prior to him receiving the above notices. Id. ¶ 14. On December 11, 2009, OneWest filed a complaint in the Massachusetts Land Court under the Servicemembers Civil Relief Act in connection with the foreclosure of the First Mortgage. Id. ¶ 18. On June 10, 2010 the Land Court entered an order declaring Rife not entitled to the protections of the Servicemembers Civil Relief Act. Id. ¶ 24.

On September 23, 2010, Rife received a "Notice of Sale" announcing that a sale of the Property was to be held on October 12, 2010. Id. ¶ 26. The sale was also advertised in Metro West Daily News on September 22 and 29, 2010 and October 6, 2010. Id. ¶ 28. Rife alleges, on information and belief, that "IndyMac" was not the holder of the mortgage as of September 23, 2010 and that OneWest did not possess the original wet-signed note or an original wet-signed assignment of the First Mortgage and therefore lacked the authority to foreclose. Id. ¶¶ 15, 16.

[4] The copy of the August 25, 2009 letter from Green Tree provided by Defendants has the Green Tree and IndyMac account numbers redacted. See Defs.' Mem. Law Supp. Mot. Dismiss Ex. 6 [#22-7]. Defendants contend that this letter directed Rife to make payments on his Second Mortgage, not his First Mortgage, to Green Tree. See Defs.' Mem. Law Supp. Mot. Dismiss at 5. On this motion to dismiss, the court assumes the truth of Rife's assertion.

[5] The December 7, 2009 letter purports to be sent from "IndyMac Mortgage Services, a Division of OneWest Bank, FSB" not "IndyBank Mortgage Services." See Defs.' Mem. Law Supp. Mot. Dismiss Ex. 7 [#22-8].

Rife also alleges that the only transfers and assignments that have been recorded are the initial

First and Second Mortgages to IndyMac Bank and the "assignments" to MERS recorded in May

2006.  Id. ¶ 34.  Rife alleges, on information and belief, that Defendants therefore used a process

of "surrogate signing" or "robo-signing" to fabricate and sign foreclosure documents that were

not recorded—i.e. assignments or transfers.  Id. ¶ 35.

>    B.   First State Court Action

On October 8, 2010, Rife filed an eight count verified complaint in the Land Court

asserting claims against OneWest for unlawful foreclosure (Count I), breach of implied covenant

of good faith and fair dealing (Count II), misrepresentation (Count III), estoppel (Count IV),

intentional and/or negligent infliction of emotional distress (Count V), violation of Mass. Gen.

Laws ch. 93A (Count VI), declaratory judgment (Count VII) and injunctive relief (Count VIII).

See Defs.' Mem. Law Supp. Mot. Dismiss Ex. 8 (Land Court Docket Case No. 10 MISC

441422) [#22-9] [hereinafter "Land Court Docket"]; Ex. 9 (Land Court Complaint) [#22-10]

[hereinafter "Land Court Complaint"].  That same day, Rife obtained a preliminary injunction

enjoining the foreclosure sale scheduled for October 12, 2010, because OneWest had failed to

publish the Notice of Sale at least 21 days before the sale as required by Mass. Gen. Laws ch.

244, § 14.  See Land Court Docket at 2.  On October 25, 2010, OneWest filed a new notice of

sale for a foreclosure sale to take place on November 11, 2010.  See id.

On or about February 5, 2013, Rife moved to amend his complaint in the Land Court

action to add MERS, IndyMac Mortgage Services, Deutsche Bank National Trust Company and

Green Tree as defendants and assert all claims asserted against OneWest against the proposed

new defendants.  See id. at 6; Defs.' Mem. Law Supp. Mot. Dismiss Ex. 11 (Proposed Amended

Complaint) [#22-12].  The motion was never allowed.  See Land Court Docket.  Also on or about

February 5, 2013, OneWest moved for summary judgment in the Land Court action. See id. at 6. On or about March 22, 2013, Rife opposed OneWest's motion for summary judgment. See id. at 7.

The Land Court held a hearing on OneWest's motion for summary judgment on April 17, 2013. See id. At the hearing, Judge Piper of the Land Court ruled from the bench, granting summary judgment to OneWest and finding the record demonstrated OneWest had the right to exercise the power of sale under Mass. Gen. Laws ch. 244, § 14.[6] Id. at 7-8. Specifically, the Land Court found that questions about the authority and identity of signatories on the assignment of mortgage recorded April 28, 2010 were not material to that determination and that Rife as mortgagor "does not have standing to challenge any alleged deficiencies in the mortgage assignment that would render the assignment merely voidable at the election of one party but otherwise effective to pass legal title." Id. at 8 (quoting Culhane v. Aurora Loan Svcs of Neb., 708 F.3d 282 (1st Cir. 2013). In addition, the Land Court found that there was no dispute that the original First Note endorsed in blank by IndyMac is now in OneWest counsel's possession and that even though the route that the First Note took to get there may be unknown, OneWest's possession of the note was sufficient under Massachusetts law for OneWest to be able to foreclose. Id. (citing Eaton v. Fed. Nat'l Mortg. Ass'n, 969 N.E.2d 1118, 1131 (Mass. 2012). Finally, the Land Court found that issues of adequacy of notice of the sale originally scheduled for October 13, 2010 were moot in light of OneWest's stipulation that it would only proceed with a foreclosure sale upon new notice. Id.

---

[6] The Land Court docket entry states that OneWest is entitled to proceed to exercise its rights under Mass. Gen. Laws ch. 240, § 14. This appears to be a typographical error, as that provision deals with jurisdiction to settle title to land and the written Land Court Judgment cites Mass. Gen. Laws ch. 244, § 14, which deals with foreclosure sales.

On July 2, 2013, the Land Court entered judgment dismissing Count I (for unlawful foreclosure) as moot, dismissing without prejudice Counts II through VI for lack of subject matter jurisdiction, and entering judgment in favor of OneWest on Counts VII and VIII for declaratory and injunctive relief.  Am. Verified Compl., Ex. A [#1-1] (Land Court Judgment). The judgment ordered, adjudged, and declared OneWest to be the holder of the First Mortgage and permitted OneWest to proceed to exercise all rights available under Mass. Gen. Laws ch. 244, § 14 for breach of the mortgage, including but not limited to the right to foreclose by the power of sale granted by the First Mortgage.  Id. at 2.

Rife appealed the order of the Land Court and on July 2, 2015, the Massachusetts Appeals Court issued a memorandum and order pursuant to Mass. App. Ct. Rule 1:28 affirming the judgment.  See Rife v. OneWest Bank F.S.B., 33 N.E.3d 1267 (Table) (Mass. App. Ct. 2015).

C.  Instant Action

On April 28, 2015, Rife commenced the instant action by filing a verified complaint in Middlesex Superior Court against the above-named defendants.  On July 15, 2015, Rife filed the operative Verified Amended Complaint [#1-1].  On August 5, 2015, Defendant Green Tree removed the action to this court.  Notice Removal [#1].  On September 10, 2015, the parties stipulated to dismiss with prejudice all claims against Green Tree and all claims against MERS and Deutsche Bank National Trust Company related to the Second Mortgage.  See Joint Stipulation Dismissal [#29].

The Amended Verified Complaint now asserts the following eight causes of action against the Defendants OneWest, MERS, IndyMac Mortgage Services and Deutsche Bank National Trust Company as Trustee/Master Servicer: (1) violation of Predatory Home Loan Practice Act (Mass. Gen. Laws ch. 183C); (2) unlawful foreclosure (against OneWest only); (3)

breach of implied covenant of good faith and fair dealing; (4) misrepresentation, deceit and

fraud; (5) estoppel; (6) intentional and/or negligent infliction of emotional distress (against

OneWest only); (7) violation of Mass. Gen. Laws ch. 93A; and (8) declaratory judgment.  Rife

seeks an award of damages, a declaration that the First Mortgage is void or voidable, and

attorney's fees and costs.  Defendants move to dismiss the complaint in its entirety.  Rife has

opposed the motion and cross-moved for leave to file a second amended verified complaint.

III.    Discussion

A.    Defendants' Motion to Dismiss

Defendants move to dismiss the Amended Verified Complaint based on the statutes of

limitations, claim and issue preclusion, and failure to state a claim.

1.    Count I – Violation of Mass. Gen. Laws ch. 183C

Count I for violation of the Predatory Home Loan Practices Act, Mass. Gen. Laws ch.

183C, has a five year statute of limitations that accrues at the time of closing.  See Mass. Gen.

Laws ch. 183C, § 15(b)(1) ("A borrower may bring an original action for violation of this

chapter in connection with the loan within five years of the closing of a high-cost home mortgage

loan[.]").  Rife alleges that he executed the First Note and First Mortgage in May 2006.

Therefore, his cause of action for predatory lending must have been brought by May 2011.

Rife asserts that the statute of limitations should be tolled by the "discovery rule" or

equitable tolling.  "Under th[e] discovery rule, the statute of limitations starts when the plaintiff

discovers, or reasonably should have discovered, that he has been harmed or may have been

harmed by the defendant's conduct."  Koe v. Mercer, 876 N.E.2d 831, 836 (Mass. 2007)

(internal quotation and citation omitted).  Thus, the discovery rule is limited to causes of action

based on "inherently unknowable" wrongs.  Olsen v. Bell Tel. Labs., 445 N.E.2d 609, 612

(Mass. 1983).  "The factual basis for a cause of action is 'inherently unknowable' if it is incapable of detection by the wronged party through the exercise of reasonable diligence." Geo. Knight & Co., Inc. v. Watson Wyatt & Co., 170 F.3d 210, 213 (1st Cir. 1999) (quoting Taglient v. Himmer, 949 F.2d 1, 4 (1st Cir. 1991).  Equitable tolling is similarly "applicable only where the prospective plaintiff did not have, and could not have had with due diligence, the information essential to bringing suit."  Protective Life Ins., Co. v. Sullivan, 682 N.E.2d 624, 631 (Mass. 1997).

Here, because the facts underlying Rife's claim that the loan was predatory were contained in the mortgage documents themselves, the alleged Chapter 183C violation was not "inherently unknowable" and could have been discovered with due diligence.  See Salois v. Dime Savings Bank of New York, FSB, 128 F.3d 20, 26 (1st Cir. 1997) ("[W]hether negative amortization was inevitable with Impact Loans, the documents contained all of the information necessary to determine the interaction of Dime's formula with prevailing interest rates.  It was attorney consultation, rather than newly-discovered information, that prompted plaintiffs' lawsuit.  Therefore, sufficient facts—indeed, all the facts—were available to place plaintiffs on inquiry notice of fraudulent conduct."); Broderick v. PNC Fin. Servs. Grp., 919 F. Supp. 2d 178, 181 (D. Mass. 2013) ("Reasonable inquiry, such as reading the documents, would have revealed the terms of the loan.  Broderick thus should have know [sic] of her injury at the time of the loan closing.").  Accordingly, the five-year statute of limitations for Rife's Chapter 183C cause of action is not tolled and Count I is untimely.

### 2.  Count IV (Misrepresentation)

A misrepresentation cause of action in Massachusetts is subject to a three-year statute of limitations.  See Mass. Gen. Laws ch 260, § 2A ("[A]ctions of tort . . . shall be commenced only

within three years next after the cause of action accrues."); <u>Passatempo v. McMenimen</u>, 960

N.E.2d 275, 293 (Mass. 2012) (misrepresentation claims sound in tort and are governed by the

three-year statute of limitations). Rife's misrepresentation cause of action is based on the alleged

"robo-signing" or fraudulent transfer of Rife's First Note and First Mortgage. <u>See</u> Am. Verified

Compl. ¶ 51 (alleged misrepresentation is that "[t]he loans and assignments are invalid due to the

lenders' misconduct charged to them with the knowledge of their agents since the loans were

part of a securitized investment trust, were separated from the mortgages, after which the

mortgages were recreated by and through unauthorized or fictitious agents, namely Robo-signing

through MERS and thereafter fraudulently assigned to the Defendant, OneWest, to enforce").

Though it is not entirely clear from the face of the Amended Verified Complaint when the

alleged robo-signing and fraudulent assignments took place, it had to have been at least before

October 2010 when OneWest first attempted to foreclose. Accordingly, Rife's misrepresentation

causes of action, brought in April 2015 for conduct that had to have occurred before October

2010, is untimely.

Under Mass. Gen. Laws ch. 260, § 32, when a cause of action that is "duly commenced"

is dismissed "for any matter of form" including for lack of jurisdiction, it may be filed in a court

of competent jurisdiction within one year of the dismissal. <u>See</u> <u>Ciampa v. Beverly Airport</u>

<u>Com'n</u>, 650 N.E.2d 816, 817 (Mass. App. Ct. 1995) (dismissal for bringing an action in the

wrong court is dismissal for "a matter of form" under Section 32). Here, Rife asserted a cause of

action for misrepresentation against OneWest in the 2010 Land Court Complaint. Assuming that

action was timely and thus "duly commenced," he would have had a year after the July 2, 2013

dismissal of that cause of action for lack of subject matter jurisdiction to bring it against

OneWest in an appropriate court. Rife did not, however, initiate this action until April 2015.

Therefore, even with the benefit of § 32, the misrepresentation cause of action is untimely as to OneWest.

Notwithstanding the foregoing, Rife argues that his misrepresentation cause of action is not time-barred for two reasons. First, he contends that the clock should not begin to run on the one-year period provided by Mass. Gen. Laws ch. 260, § 32 until after the Appeals Court denied his appeal. However, Rife points to no authority holding that a cause of action is "dismissed" for the purposes of Mass. Gen. Laws ch. 260, § 32 when a judgment is affirmed rather than when the trial court enters dismissal. Moreover, Rife did not challenge the dismissal for lack of jurisdiction in his appeal. Rather, his appeal contested the Land Court's failure to rule on his motion to amend his complaint prior to entering judgment, the Land Court's denial of Rife's motion for discovery and the Land Court's determination that OneWest could foreclose pursuant to Mass. Gen. Laws ch. 240, § 14. See Br. Pl.-Appellant John Rife, 2013-P-1317, 2014 WL 4959986 (Sept. 17, 2014).

Second, Rife, argues that the limitations periods should be tolled by the discovery rule or by equitable tolling. As noted above, the discovery rule tolls the running of a statute of limitations until the plaintiff knew or should have known that he was harmed by the defendant's conduct and equitable tolling is available where the Plaintiff did not have the information necessary to bring suit. Rife's tolling arguments fail at least as to OneWest because Rife's October 2010 Land Court Complaint alleged the same misrepresentation cause of action against OneWest. Thus, Rife cannot demonstrate that he did not know that he was harmed by OneWest's conduct or did not have the information necessary to bring a claim against OneWest at least as of October 2010. Moreover, to the extent Rife contends that he did not and could not have known that he was harmed by MERS, IndyMac Mortgage Services, or Deutsche Bank

National Trust Company until February 2013 (when he sought to amend his Land Court complaint to add those defendants), this argument is belied by the fact that the "assignment" of First Mortgage to MERS was recorded in May 2006, and that Rife had received multiple notices from IndyMac Mortgage Services, including one stating it was servicing his First Mortgage on behalf of Deutsche Bank National Trust Company, as of December 2009.

Nonetheless, to the extent the statute of limitations for Rife's misrepresentation cause of action is tolled for any reason, the claim fails in any case.  A cause of action for misrepresentation under Massachusetts law requires, in part, that a plaintiff rely to his detriment on a material representation.  See Masingill v. EMC Corp., 870 N.E.2d 81, 90 (Mass. 2007) (misrepresentation requires that a defendant made a "false representation of a material fact with knowledge of its falsity for the purpose of inducing the plaintiff to act thereon, and that the plaintiff relied on the representation as true and acted upon it to [his] damage") (quoting Kilroy v. Barron, 95 N.E.2d 190, 191 (Mass. 1950).  Rife does not allege that he took any action in reliance on the allegedly fraudulent transfers or the notices he received.  Accordingly, Rife's cause of action for misrepresentation fails to state a claim.

3.  Count VI (Violation of Mass. Gen. Laws ch. 93A)

A cause of action under Mass. Gen. Laws ch. 93A is subject to a four-year statute of limitations.  See Mass. Gen. Laws ch. 260, § 5A.  To the extent Rife alleges that his Chapter 93A cause of action is based on the allegedly predatory terms of his mortgage, it is time-barred because his mortgage originated in 2006.  As discussed above with respect to the Chapter 183C cause of action, the discovery rule does not apply to Rife's Chapter 93A cause of action based on the allegedly predatory terms of his mortgage because those terms were known or knowable to him at origination.  See Maldonado, 2012 WL 220249 at *5.

To the extent Rife's Chapter 93A cause of action is based on the allegation that "Defendants fabricated signatures, a violation of state law," Am. Verified Compl. ¶ 65, it is also probably barred by the statute of limitations.  As noted, the alleged "robo-signing" had to have occurred before October 2010, and even if the limitation period were extended as to OneWest under Mass. Gen. Laws ch 260, § 32, the cause of action would still be untimely.  Moreover, for the reasons stated above with respect to Rife's misrepresentation cause of action, Rife's tolling arguments are unpersuasive as to OneWest and doubtful as to the other defendants.  Again, however, even if the statute of limitations were tolled for his Chapter 93A cause of action based on allegedly fabricated signatures, the cause of action fails to state a claim.  Though a plaintiff pursuing a Chapter 93A claim based on an alleged misrepresentation need not show "actual reliance," the plaintiff must show "a causal connection between the deception and the loss and that the loss was foreseeable as a result of the deception."  Iannacchino v. Ford Motor Co., 888 N.E.2d 879, 886 n.12 (Mass. 2008).  Here, Rife has not alleged any causal connection between the allegedly fabricated signatures and any loss he has suffered.  Thus, to the extent it is based on the allegedly fraudulent transfers or assignments, Rife's Chapter 93A cause of action fails to state a claim.

### 4.  Count VI (Intentional and/or Negligent Infliction of Emotional Distress)

A cause of action for infliction of emotional distress is subject to the three-year statute of limitations for torts.  See Mellinger v. West Springfield, 515 N.E.2d 584, 586 (Mass. 1987). Rife's emotional distress cause of action is based on the allegation that OneWest was aware of the extreme conditions under which Rife was living "at the time of the 2009 foreclosure attempt and continued to violate the Massachusetts foreclosure statutes during that period of time until October 2010 and thereafter," Am. Verified Compl. ¶ 60,  though Rife alleges no conduct by

OneWest after October 2010 (other than a request for extension of time to respond to discovery in August 2011).  See id. ¶¶ 30-33.  Therefore, Rife's infliction of emotional distress cause of action must be based on OneWest's conduct up until October 2010.  Rife duly commenced the infliction of emotional distress cause of action in his October 2010 Land Court Complaint against OneWest, but again, because Rife did not bring that cause of action against OneWest in a court of competent jurisdiction until more than one year after the Land Court's dismissal, it is not timely here.  For the reasons noted above, the discovery rule and equitabl\e tolling do not apply to any cause of action that Rife brought against OneWest in the Land Court action.  Accordingly, Rife's infliction of emotional distress cause of action is time-barred.

5.   Counts II (Unlawful Foreclosure) and VIII (Declaratory Judgment)

Defendants argue that Counts II and VIII are precluded by the doctrine of *res judicata* based on the Land Court judgment entered on July 2, 2013.  It is well settled that "a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered."  Migra v. Warren Sch. Dist. Bd. of Educ., 465 U.S. 75, 81 (1984).  The court must therefore "look to state law to determine the preclusive effect of a prior state court judgment."  Patterson v. Patterson, 306 F.3d 1156, 1158 (1st Cir. 2002) (quoting In re Spigel, 260 F.3d 27, 33 (1st Cir. 2001)).

Under Massachusetts law, the term *res judicata* encompasses both claim and issue preclusion.  Kobrin v. Bd. of Registration in Med., 832 N.E.2d 628, 634 (Mass. 2005).  "Claim preclusion makes a valid, final judgment conclusive on the parties and their privies, and prevents relitigation of all matters that were or could have been adjudicated in the action."  Id. (quoting O'Neill v. City Manager of Cambridge, 700 N.E.2d 530, 532 (Mass. 1998)).  Claim preclusion involves the following three elements: "(1) the identity or privity of the parties to the present and

prior actions, (2) identity of the cause of action, and (3) prior final judgment on the merits." Id. (quoting DaLuz v. Dep't of Corr., 746 N.E.2d 501, 505 (Mass. 2001)).

Here, claim preclusion, bars Counts II (unlawful foreclosure) and VIII (declaratory judgment) of Rife's Amended Verified Complaint as to OneWest. First, there is no dispute that there is an identity of the parties, as Rife and OneWest were the sole parties to the Land Court action and are both parties here.

Second, there is an identity of causes of action, as Count II of the Amended Verified Complaint and Count I of the Land Court Complaint are both causes of action for unlawful foreclosure in violation of Mass Gen. Laws ch. 244, § 14,[7] and Count VIII of the Amended Verified Complaint and Count VII of the Land Court Complaint are both causes of action for declaratory judgment. As to the unlawful foreclosure causes of action, both complaints allege OneWest violated Mass Gen. Laws ch. 244, § 14 because (a) OneWest did not have the authority to foreclose on or about December 11, 2009 when it filed the complaint pursuant to the Servicemembers Civil Relief Act because the May 5, 2009 Notice of Default was insufficient; (b) the assignment of the First Mortgage to OneWest was invalid; (c) OneWest had failed to properly publicize and advertise the sale; and (d) other violations of Mass. Gen. Laws ch. 244, § 14. See Land Court Compl. ¶ 28; Am. Verified Compl. ¶ 44. Indeed, it appears that the unlawful foreclosure cause of action in the Verified Amended Complaint was copied without alteration from the Land Court Complaint. Thus, those causes of action are identical.

The declaratory judgment causes of action are also identical because both complaints allege that judgment should enter declaring title to remain in Rife. See Land Court Compl. ¶ 49;

---

[7] Both complaints allege OneWest violated Mass. Gen. Laws ch. 241, § 14, but this appears to be a typo, as that section concerns partition of land, whereas Mass. Gen. Laws ch. 244, § 14 concerns foreclosure under power of sale.

Am. Verified Compl. ¶ 71.  Though the cause of action in Rife's Amended Verified Complaint further requests that the First Note and First Mortgage be declared void, the causes of action are nonetheless treated as identical because the claim is derived from the same transaction as was alleged in the Land Court action and seeks redress for the same alleged wrongs—i.e. the allegedly fraudulent transfers and assignments.  See Mackintosh v. Chambers, 190 N.E.38, 39 (Mass. 1934) ("[A] statement of a different form of liability is not a different cause of action, provided it grows out of the same transaction, act, or agreement, and seeks redress for the same wrong.")

Third, the Land Court's judgment was an adjudication on the merits.  As to the unlawful foreclosure cause of action, the Land Court dismissed that cause of action based on exactly the same allegations, because even at that time, the claim had been mooted by the fact that Defendants had agreed not to proceed with the foreclosure based on the September 2010 notices. See Am. Verified Compl., Ex. A at 1; Land Court Docket at 8.  As to the declaratory judgment cause of action, the Land Court entered summary judgment for OneWest, specifically declaring OneWest to be the holder of Rife's First Mortgage and First Note and finding OneWest had the power to proceed to exercise all rights available to it under Mass. Gen. Laws ch. 244, § 14.  Id. at 2.  Accordingly, both Counts II and VIII as to OneWest are barred by claim preclusion.

In addition, Count VIII is barred as to all defendants, including OneWest, by issue preclusion.  Issue preclusion "prevents relitigation of an issue determined in an earlier action where the same issue arises in a later action, based on a different claim, between the same parties or their privies."  Kobrin, 832 N.E.2d at 843 (quoting Heacock v. Heacock, 520 N.E.2d 151, 153 n.2 (Mass. 1988)).  Issue preclusion requires the court to find that "(1) there was a final judgment on the merits in the prior adjudication; (2) the party against whom preclusion is asserted was a

party (or in privity with a party) to the prior adjudication; and (3) the issue in the prior

adjudication was identical to the issue in the current adjudication." Id. at 843-44 (quoting Tuper

v. N. Adams Ambulance Serv., Inc., 697 N.E.2d 983, 985 (Mass. 1998)). Thus, whereas claim

preclusion requires identity or privity as to both parties, issue preclusion requires only that the

party against whom preclusion is asserted (here, Rife) be a party to the prior action. In addition,

the issue must have been "essential to the earlier judgment." Id. at 844 (quoting Tuper, 697

N.E.2d at 985).

Here, Rife's Count VIII for declaratory judgment requests a declaration that the Property

remain in his possession and that the mortgages, notes and assignments be declared void or

voidable. Am. Verified Compl. ¶ 71. All of these issues were determined against Rife in the

Land Court action. Thus, the Land Court's determination that the assignment of the First

Mortgage was valid, that Rife lacked standing to challenge the assignment, and that OneWest's

possession of the First Note is sufficient to entitle it to foreclose, preclude this court from

awarding the relief Rife seeks through his declaratory judgment cause of action. See Wright

Mach. Corp. v. Seaman-Andwall Corp., 307 N.E.2d 826, 830 ("a party cannot avoid th[e] rule

[of res judicata] by seeking an alternative remedy or by raising the claim from a different posture

or in a different procedural forum").

> 6. Counts III (Breach of Implied Covenant of Good Faith and Fair Dealing) and V (Estoppel)

Defendants argue that Counts III and V are also barred by issue preclusion. The court

need not reach this argument, however, because the court concludes that both causes of action

fail to state a claim.

As to Count III, a cause of action for breach of implied covenant of good faith and fair

dealing must be based on the performance of obligations of a contract. Chokel v. Genzyme

Corp., 867 N.E.2d 325, 329 (Mass. 2007).  Rife's Count III must therefore be related to the

performance of the First Mortgage and/or First Note because those are the only contracts still

alleged in the Amended Verified Complaint.  The implied covenant prohibits a party from

"do[ing] anything which will have the effect of destroying or injuring the right of the other party

to receive the fruits of the contract."  Druker v. Roland Wm. Jutras Assocs., 348 N.E.2d 763, 765

(Mass. 1976).  Here, Rife does not allege facts suggesting that the transfer or assignment of his

First Note and First Mortgage injured his right to enjoy the fruits of the contract.  Nor does Rife

allege any other conduct by any Defendant that could form the basis of an implied covenant

claim.  Accordingly, Count III fails to state a claim.

As to Count V, to state a claim for estoppel a plaintiff must allege "(1) a representation

intended to induce reliance on the part of a person to whom the representation is made; (2) an act

or omission by that person in reasonable reliance on the representation; and (3) detriment as a

consequence of the act or omission."  Bongaards v. Millen, 793 N.E.2d 335, 339 (Mass. 2003).

Rife's cause of action for estoppel alleges that Rife "relied upon the justified belief that

Defendants would act lawfully and in good faith with respect to the notes and mortgages." Am.

Verified Compl. ¶ 56.  Apart from this conclusory allegation, however, the Amended Verified

Complaint includes no facts indicating that Rife relied in any way on any representation by any

defendant.  Accordingly, Rife's cause of action for estoppel fails to state a claim.

For the foregoing reasons, the Amended Verified Complaint is dismissed.  The court does

not reach Defendants' additional arguments in support of their motion.

### B.  Rife's Cross-Motion for Leave to File Second Amended Verified Complaint

Rife seeks to file a proposed Second Amended Verified Complaint [#40-1] which makes

the following changes to his Amended Verified Complaint: (1) references the Affidavit of John

Rife [#40-3] which describes why Rife understands his loan to be predatory (Proposed Second Am. Verified Compl. ¶ 7); (2) alleges new facts regarding his income and his debt-to-income ratio, Good Faith Estimate Disclosure and alleged application of the Real Estate Settlement Practices Act and the Truth in Lending Act (id. ¶¶ 36-47); (3) replaces Count II for unlawful foreclosure against OneWest with a cause of action for unjust enrichment against all defendants based on alleged predatory lending practices of all defendants (id. ¶¶ 47-50); (4) adds a new allegation that Defendants' "agents" have violated the implied covenant of good faith and fair dealing (id. ¶ 53); (5) alleges that "defendants and all of their agents" breached the standard of care and statutory duties owed to Rife under Mass. Gen. Laws ch. 140D (regarding consumer credit disclosures), in relation to Count VI for intentional and/or negligent infliction of emotional distress, and requests a declaration that the property remain in Rife's possession, and that the mortgages, notes, and assignments be declared void, voidable, or rescinded, and that title remain in Rife (id. ¶ 68); (6) alleges that "Defendants through its agents for which they are vicariously liable as alleged herein engaged in unfair and deceptive trade practices" in relation to Count VI for violation of Mass. Gen. Laws ch. 93A (id. ¶ 73); (7) replaces Count VIII for Declaratory Judgment with a new Count VIII for "Negligence/Massachusetts Statutory Duties," alleging that Defendants violated various statutory duties owed to Rife including Mass. Gen. Laws ch. 140D (id. ¶¶ 77-79); and (8) alleges a new Count IX for Equitable Relief alleging Rife will be irreparably harmed by any foreclosure (id. ¶¶ 80-82).

These additions do not allege facts that can save any cause of action in Rife's Amended Verified Complaint nor assert a new cause of action that is viable.  As to the old causes of action supported by new allegations, Rife's allegation that Defendants' agents breached the implied covenant of good faith and fair dealing does not allege any new facts that state a claim for relief

for that cause of action.  In addition, Rife's new allegations as to why his loan was predatory do

not save his Chapter 183C cause of action from the applicable five-year statute of limitations.

Similarly, Rife's new allegations that Defendants' liability for intentional and/or negligent

infliction of emotional distress may be predicated on their alleged violation of Mass. Gen. Laws

ch. 140D do not save that cause of action from the three-year statute of limitations, as the new

allegations are limited to conduct that occurred when the loan originated in 2006.  Likewise,

Rife's allegations that all Defendants were vicariously liable for the actions of their agents

related to the Chapter 93A claim do not save that cause of action from the applicable four-year

statute of limitations or allege any causal connection between Defendants' actions and Rife's

harm.

      For similar reasons, Rife's new cause of action for "Negligence/Massachusetts Statutory

Duties" (Count VIII) cannot survive because it would be subject to a three-year statute of

limitations of torts.  All of the allegations related to Defendants' alleged violations of "legal

duties" owed to Rife relate to Defendants' conduct of "placing him" in the loan, which conduct

occurred in 2006.  See Proposed Second Am. Verified Compl. ¶¶ 44-47.  Thus, the proposed new

cause of action for "negligence" would be untimely.

      Similarly, Rife's new cause of action for "Unjust Enrichment" sounds in contract (as Rife

asserts Defendants were unjustly enriched by Rife's performance of the terms of First Note and

First Mortgage).  That proposed cause of action is thus subject to a six-year statute of limitations.

Mass. Gen. Laws ch. 260, § 2; Micromuse, Inc. v. Micromuse, PLC, 304 F. Supp. 2d. 202, 209

(D. Mass. 2004) ("six-year statute of limitations applies to unjust enrichment claim based on the

same underlying facts" as claims for breach of contract or breach of implied covenant of good

faith and fair dealing).  Because the First Note and First Mortgage were executed in May 2006,

any unjust enrichment claim based on the loan origination had to have been brought in 2012.  To the extent Rife claims that statute of limitations began to run when Rife last made an allegedly unjust payment to Defendants, he alleges that last payment was in 2008, so even that theory would not save the cause of action from the statute of limitations.

Finally, Rife's new cause of action for "Equitable Relief" (Count IX), alleging that he will be irreparably harmed by the foreclosure and does not have an adequate remedy at law, is precluded by the Land Court's determination that OneWest is entitled under law to foreclose. Moreover, if the claim for relief is based on any of the new allegations related to Mass. Gen. Laws ch. 140D, it would be time barred as claims for rescission of contracts that violate that statute are subject to a four-year statute of limitations, measured by the date the deficient contract is consummated.  Mass. Gen. Laws ch. 140D, § 10(f).

Accordingly, the proposed amendments would be futile and Rife's motion for leave to amend is denied.

IV.     Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss [#21] is ALLOWED, Plaintiff's Cross-Motion for Leave to File Second Verified Amended Complaint [#40] is DENIED, and Defendants' Motion to Strike Plaintiff's Affidavit [#44] is DENIED.

/s/ Indira Talwani
Date: February 12, 2016                                        United States District Judge